UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK SANCHEZ,<br><br>        Petitioner,<br><br>    v.<br><br>XAVIER BECERRA,<br><br>        Respondent. | Case No.  1:20-cv-00823-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST CLAIM<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>ECF No. 1 |

   Petitioner Zack Sanchez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner seeks relief from his convictions of attempted murder, assault with a firearm, discharging a firearm, exhibiting a firearm. *See* ECF No. 1 at 1. Because it appears that

1

petitioner has failed to exhaust one of his claims at the state level, we will order him to show cause why his petition should not be dismissed for failure to exhaust this claim.

**Discussion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives the state court the initial opportunity to correct the its alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal on and the California State Supreme Court denied review. ECF No. 1 at 2-3. Petitioner also sought habeas review from the state superior court. *Id*. at 7-8. Petitioner raised two claims for relief in his direct appeal, application for review, and habeas petition: that the trial court erred when it (1) admitted a video into evidence that the prosecutor failed to present to the defense prior to trial and (2) admitted Facebook comments that said "kill people." *Id*. at 6-7. Petitioner also raised a third claim for relief: that one of his witnesses was wrongfully prevented from testifying at trial. *Id*. at 8. Petitioner states that he has not exhausted this claim before the state courts. *Id*. Accordingly, it appears that petitioner's first and second claims were exhausted at the state level and petitioner's third claim is not exhausted.

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). Generally, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, a petitioner may avoid dismissal through seeking a stay and abeyance of his petition. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d

at 718-20.  In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

Under *Rhines*, a stay and abeyance is available for mixed petitions where a petitioner can show good cause for his failure to exhaust his claims in state court, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics.  *See Rhines*, 544 U.S. at 278. Upon this showing, the petition may be stayed while petitioner exhausts his claims at the state level.  Once a petitioner has exhausted his claims, he may return to federal court with his fully-exhausted petition.  If a petitioner desires a stay under *Rhines*, he must demonstrate that he is entitled to a *Rhines* stay in his response this order.

Unlike a *Rhines* stay, a *Kelly* stay does not require a showing of good cause for delay.  *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).  Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims.  *See Kelly*, 315 F.3d at 1140-41.

However, petitioner is forewarned that under *Kelly* he will only be able to amend his petition with his newly exhausted claim if the claim is timely when amendment is sought.  *See King*, 564 F.3d at 1140-41.  Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).  To be timely, his claim must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[1] or (2) "relate back" to the claims contained in the original petition that were exhausted at the time of filing.  *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545

---

[1] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

U.S. 644, 664 (2005).  A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims.  *See Mayle*, 545 at U.S. 659.  To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition.  *Id*.  If petitioner wishes to proceed with a stay under *Kelly*, he must notify us of his intention in his response to this order.

Alternatively, petitioner may proceed with his exhausted claims only.  If this is petitioner's intention, he is directed to notify the court in his response to this order.

**Order**

Within thirty days of service of this order, petitioner must show cause why his petition should not be dismissed for failure to exhaust his third claim.  Petitioner should notify the court whether he wishes to: (1) seek a stay and abeyance under *Rhines*, which will require him to show, *inter alia*, good cause for his delay in exhaustion; (2) proceed with a stay under the *Kelly* procedure; or (3) proceed with his exhausted claims only.

IT IS SO ORDERED.

Dated:   June 24, 2020                    _____
                                          UNITED STATES MAGISTRATE JUDGE

No. 206.