UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK SANCHEZ,<br><br>                Petitioner,<br><br>        v.<br><br>XAVIER BECERRA,<br><br>                Respondent. | Case No.   1:20-cv-00823-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIM<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Zack Sanchez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner seeks relief from his convictions of attempted murder, assault with a firearm, discharging a firearm, and exhibiting a firearm. *See* ECF No. 1 at 1. On June 24, 2020, we ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust

one of his claims. ECF No. 2. Petitioner has not responded to our order to show cause, and the time for doing so has passed. Accordingly, we recommend that the petition be dismissed.

**Discussion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives the state court the initial opportunity to correct its alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal and the California State Supreme Court denied review. ECF No. 1 at 2-3. Petitioner also sought habeas review from the state superior court. *Id*. at 7-8. In the instant petition, petitioner claims that the trial court erred when it: (1) admitted a video into evidence that the prosecutor failed to present to the defense prior to trial; (2) admitted Facebook comments that said "kill people"; and (3) wrongfully prevented one of his witnesses from testifying at trial. *Id*. at 6-8. Although petitioner stated that he exhausted his first and second claims before the state courts, he stated that he has not exhausted his third claim. *Id*. at 9.

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). Unless a petition is stayed and held in abeyance for the purposes of exhaustion, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Accordingly, we recommend that the petition be dismissed.[1]

---

[1] Petitioner may seek a stay and abeyance of his petition in his objections to these findings and recommendations. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d at 718-20. In our order to show cause, we explained the two procedures for staying a petition that may be available while a petitioner exhausts his claims in state court. ECF No. 2 at 2-4; *see Rhines v. Weber*, 544 U.S. 269, 277

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and

---

(2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). We ordered petitioner to notify the court whether he wished to: (1) seek a stay and abeyance under *Rhines*; (2) proceed with a stay under the *Kelly* procedure; or (3) proceed with his exhausted claims only. ECF No. 2 at 4. If petitioner wishes to proceed under one of these options, he should notify the court in his objections to these findings and recommendations. Petitioner is forewarned that if he seeks a stay under *Rhines*, he must show, *inter alia*, good cause for his failure to exhaust his claim. *Id.* at 2-4.

Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:    August 11, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.