UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>XAVIER BECERRA,<br><br>    Respondent. | Case No.  1:20-cv-00823-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 4) |

Petitioner Zack Sanchez, a state prisoner proceeding without counsel, has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner raises three claims[1] but indicates he has not sought state-level review with respect to one of those claims ("Ground Three").  (*Id*. at 8–10, 12.)  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.

On June 24, 2020, before issuing findings and recommendations, the assigned magistrate judge issued an order to show cause why the petition should not be dismissed due to petitioner's failure to exhaust his unexhausted claim by first presenting it to the state's highest court.  (Doc. No. 2.)  In the order to show cause, petitioner was given thirty days to seek a stay of his petition

---

[1]  In the pending petition, petitioner raises claims for violation of due process; cumulative error that rendered his trial fundamentally unfair; and refusal to permit a witness to testify.  (*See* Doc. No. 1.)

1

for purposes of exhausting his unexhausted claim or, in the alternative, to dismiss his unexhausted claim and proceed with his exhausted claims only. (*Id.*)  Petitioner did not timely respond to the order to show cause.

Accordingly, on August 11, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for petitioner's failure to exhaust one of his claims. (Doc. No. 4.)  On August 31, 2020, in an apparent attempt to respond to the show cause order which he appended, petitioner filed a first amended complaint that included the same claims as those asserted in his original petition, including his unexhausted claim. (Doc. No. 5.)

Petitioner has still not filed any objections to the magistrate judge's findings and recommendations despite being given the opportunity to do so, and his belatedly filed first amended petition did not cure or properly address the deficiencies raised in the order to show cause.[2]

Pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo* and finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations.

The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[2] Petitioner references more than once in his amended petition having discussed the unexhausted claim with his public defender, who he says decided not to raise that issue on direct appeal. (Doc. No. 5 at 10, 12.)  Even if the court infers that this information was petitioner's attempt to address his failure to exhaust that claim for relief, or to provide good cause for not having exhausted state-level review, the information he provides in that regard is insufficient.  A petitioner must "'seek *full relief* first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'" *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) (emphasis added) (quoting *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)).  Petitioner has only explained why this claim was not raised on direct appeal.

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations issued on August 11, 2020 (Doc. No. 4) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2020**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

3