UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK SANCHEZ,<br><br>             Petitioner,<br><br>       v.<br><br>XAVIER BECERRA,<br><br>             Respondent. | Case No. 1:20-cv-00823-DAD-HBK<br><br>ORDER DENYING BOTH PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 14, 15) |

Petitioner Zack Sanchez, a state prisoner proceeding without counsel, moves the court to issue a certificate of appealability and grant him leave to proceed on appeal *in forma pauperis*. (Doc. Nos. 14, 15.)

Petitioner filed his petition for writ of habeas corpus on June 17, 2020, and the previously assigned magistrate judge subsequently issued an order to show cause as to why the petition should not be dismissed due to petitioner's failure to exhaust one of his claims by presenting it first to the highest state court. (Doc. Nos. 1, 2.) The order to show cause granted petitioner thirty days to seek a stay of his petition for purposes of exhausting his unexhausted claim or, in the alternative, to dismiss his unexhausted claim and proceed in this habeas action on his exhausted claims only. (Doc. No. 2.) However, petitioner did not timely respond to the order to show cause and on August 11, 2020, the previous magistrate judge issued findings and recommendations

recommending that the petition be dismissed due to petitioner's failure to exhaust one of his claims. (Doc. No. 4.)

On August 31, 2020, petitioner filed a first amended petition which included the same claims asserted in the original petition, including the unexhausted claim. (Doc. No. 5.) Petitioner never filed any objections to the findings and recommendations. On December 9, 2020, the court adopted the findings and recommendations issued by the previously assigned magistrate judge, dismissed the petition for writ of habeas corpus, and declined to issue a certificate of appealability. (Doc. Nos. 9, 10.) On December 29, 2020, petitioner filed a notice of appeal with the U.S. Court of Appeals for the Ninth Circuit. (Doc. No. 11.)

First, in his application for a certificate of appealability, petitioner "moves this court to hear his claims that have been exhausted or to issue a [certificate of appealability] on the issues that were in fact exhausted." (Doc. No. 14 at 1.) However, unless a petition is stayed and held in abeyance for the purposes of exhaustion, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In the order to show cause, the previous magistrate judge explained the two procedures for seeking a stay of these proceedings and ordered petitioner to notify the court whether he wished to seek a stay or proceed with his exhausted claims only. (Doc. No. 2 at 2–4.) Petitioner instead belatedly filed a first amended petition which, despite the advisements given to petitioner, included the same claims as those asserted in the original petition, including his unexhausted claim. (*See* Doc. No. 5.)

Additionally, in the findings and recommendations, the previously assigned magistrate judge explained that petitioner may seek a stay and abeyance of his petition in his objections to the findings and recommendations. (Doc. No. 4 at 2 n.1.) However, petitioner never filed objections and, as discussed in the court's order adopting the findings and recommendations, his amended petition did not cure or properly address the deficiencies noted in the order to show cause, i.e., whether he seeks a stay or wishes to proceed only with his exhausted claims. (Doc. No. 9 at 2.)

/////

Therefore, for the reasons stated above, and in this court's previous order, petitioner's motion for a certificate of appealability will be denied. (*See* Doc. No. 9.) If petitioner wishes to seek a certificate of appealability directly from the U.S. Court of Appeals for the Ninth Circuit, he should do so. *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate of appealability, the applicant may request a circuit judge to issue it.").

Second, Federal Rule of Appellate Procedure 24 governs applications to proceed *in forma pauperis* on appeal and sets forth two requirements: (1) a party must demonstrate an inability to pay; and (2) the appeal must be brought in good faith. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith on appeal is demonstrated by an objective standard of a nonfrivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, it is entirely unclear from a review of petitioner's notice of appeal what issues petitioner intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). The notice of appeal only states that petitioner is appealing "the judgement of the court denying the petition for writ of habeas corpus and dismissing the action sought in petition." (Doc. No. 11.)

Upon re-review of this matter and having previously denied petitioner a certificate of appealability, the court finds that the appeal is not taken in good faith and denies petitioner's motion to proceed *in forma pauperis* on appeal. (Doc. No. 15.) Because the court certifies that this appeal is not taken in good faith, any request to proceed *in forma pauperis* should be sent directly to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

Accordingly, it is hereby ordered that:

1. Petitioner's application for certificate of appealability (Doc. No. 14) is denied;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 15) is denied;

3. Pursuant to 28 U.S.C. § 1915(a)(3), petitioner is not entitled to proceed *in forma pauperis* in Appeal No. 20-17509; and

4. The Clerk of the Court is directed to notify the U.S. Court of Appeals for the Ninth Circuit that this court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that

/////

plaintiff's appeal is not taken in good faith, and he must therefore seek further authorization from the court of appeals pursuant to Rule 24(a)(5) to obtain leave to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:  **April 2, 2021**

  UNITED STATES DISTRICT JUDGE